IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

CINDY ALTHEA MOORE,

        Debtor.                       Case No. 05-10412-8-JRL
                                                 Chapter 13

## ORDER

This matter is before the court on the Chapter 7 trustee's application for compensation. On March 15, 2006, the court conducted a hearing in Wilmington, North Carolina.

On October 16, 2005, the debtor filed a Chapter 7 petition and Algernon Butler, III was appointed as Chapter 7 trustee in the case. Mr. Butler entered into the administration of the case, which included reviewing the debtor's petition, schedules, statement of financial affairs, and the entitlement of the debtor to her claimed exemptions. On January 3, 2006, the trustee discovered through his investigation of the debtor's affairs that there were unusual circumstances which required the assistance of an attorney. He filed an application to appoint the law firm of Butler & Butler, LLP as attorneys for the trustee, which was subsequently granted. On January 20, 2006, the debtor filed a motion to convert the case to Chapter 13. The motion was granted and Mr. Butler was removed from the case.

On January 26, 2006, Mr. Butler filed a "Report of Chapter 7 Trustee Regarding Equity in Property and Request for Reappointment Upon Reconversion." In this report, he lists various items of value to the estate that were not disclosed on the petition or were non-exempt. He indicates that the discovery of these items increases the liquidation value of the estate, which is at least $49,845.50. As a result of his

investigation, the Chapter 7 trustee incurred costs, fees, and expenses and he is seeking compensation from the Chapter 13 estate. The Chapter 7 trustee cites a decision by this court in support of the proposition that a former Chapter 7 trustee and attorneys for that trustee in cases converted to Chapter 13 may be compensated on a time and expense basis. See In re Abrams, No. 04-90496-8-JRL (Bankr. E.D.N.C. Nov. 16, 2004).

The debtor objects to the application on the grounds that the Chapter 7 trustee's investigation was unnecessary. If the trustee has questioned her further about her financial affairs, the debtor asserts that the investigation would have been less costly. She contends that she has not misrepresented or concealed her affairs in this case. The Chapter 13 trustee does not object to the application as the Chapter 7 trustee uncovered value for the benefit of the debtor's creditors.

In In re Abrams, this court allowed compensation for pre-conversion services of the Chapter 7 trustee as administrative expenses in a converted case, pursuant to 11 U.S.C. § 503(b)(2). Id. at 5. The trustee's services, however, must be "substantial" and have "resulted in actual or potential benefit to the creditors." Id. The trustee's application for compensation must include "a detailed description of the services provided, and it should 'demonstrate a nexus between the trustee's efforts and the uncovering of assets.'" Id. (quoting In re Moore, 235 B.R. 414, 417 (Bankr. W.D. Ky. 1999)). A former Chapter 7 trustee will not be compensated for "routine investigatory acts, such as examining the debtor's petition, schedules, and statements." In re Abrams, No. 04-90496, at 5. A review of the debtor's assets and pre-petition conduct is routine unless the debtor has misrepresented or omitted information as to the debtor's financial affairs. Id.

In this case, the Chapter 7 trustee's pre-conversion services resulted in a benefit to the creditors,

2

which the current Chapter 13 trustee has confirmed. Through his investigation, the Chapter 7 trustee discovered that the debtor had transferred tracts of land, in which she had an interest, to relatives for no consideration. These transfers were not disclosed in the debtor's petition. As the debtor omitted this information, the trustee's investigation of her assets and pre-petition conduct was not routine. Consequently, the trustee may be compensated for these services.

Based on the foregoing, the court finds that the former Chapter 7 trustee is entitled to compensation for his pre-conversion services to the extent the services were not routine investigatory acts. The trustee's invoice detailing his work in the case includes services such as performance and review of conflict check, review of file and preparation for meeting of creditors, and attendance of the meeting of creditors. These services are not compensable pursuant to this court's decision in In re Abrams. The trustee's application seeks compensation in the amount of $2,142 for services provided and $10.33 for expenses advanced. After reviewing the invoice and subtracting routine trustee services, the court finds that the trustee is entitled to compensation in the amount of $1,845 and $8.33 for expenses advanced. Accordingly, the Chapter 7 trustee's application is allowed in part.

**So Ordered.**

**Dated: March 20, 2006**

J. Rich Leonard
United States Bankruptcy Judge